WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Von Laven, et al., | No. CV-20-01095-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| First Horizon Finance Company, et al., | |
| Defendants. | |

In August 2007, Plaintiffs John and Linda Von Laven borrowed $60,000 from Defendant First Horizon Finance Company. (Doc. 1-1 ¶ 7.) Under the terms of the promissory note, Plaintiffs were to repay this loan with interest by making a $450.77 payment on the first day of each month beginning in October 2007, and a balloon payment of $46,910.57 on September 1, 2022. (*Id.* ¶ 8.) Plaintiffs stopped making payments in late 2012, but Defendant has not acted on Plaintiffs' default. (*Id.* ¶¶ 9, 11.)

Plaintiffs filed a declaratory judgment action in state court on April 16, 2020, alleging that the note is no longer enforceable because the six-year statute of limitations for actions on contracts for debt has elapsed. (*Id.* ¶¶ 13-14); A.R.S. § 12-548. Defendant removed the action to this Court on the basis of diversity jurisdiction and thereafter moved to dismiss for failure to state a claim to relief under Federal Rule of Civil Procedure 12(b)(6). (Docs. 1, 10.) Defendant argues that Plaintiffs' claim (1) is unripe[1] and (2) is

---

[1] Ripeness is a component of the Court's subject-matter jurisdiction, *Southern Pacific Transp. Co. v. City of Los Angeles*, 922 F.2d 498, 502 (9th Cir. 1990), and therefore

not based on a cognizable legal theory because Plaintiffs' statute of limitations argument lacks merit.  In response, Plaintiffs abandon their allegation that the note is wholly unenforceable and, instead, argue that any payments due over six years ago are no longer collectable. (Doc. 15.)  In reply, Defendant reiterates its ripeness argument and contends that Plaintiffs' allegations regarding payments due over six years ago are outside the scope of the complaint. (Doc. 16.)

As an initial matter, the Court rejects Defendant's argument that Plaintiffs' allegations concerning payments due over six years ago are outside the scope of the complaint.  The complaint states that Plaintiffs seek "a judicial determination of the validity arising under the Note to obtain a declaration of rights, status or other legal relations thereunder." (Doc. 1-1 ¶ 15.)  This language is broad enough to encompass Plaintiffs' argument that Defendant no longer has a right under the note to payments due over six years ago.

The Court agrees, however, that Plaintiffs' claim is not ripe.  Plaintiffs allege that a justiciable controversy exists because the parties have taken adverse positions with respect to the validity of the note (or at least with respect to the collectability of payments due over six years ago).  Defendant, however, has neither accelerated the note nor sought to collect any of the missed payments.  If Defendant eventually seeks to enforce the note as to amounts due over six years ago, Plaintiffs might then raise their statute of limitations argument as a defense.  But until such time, it is purely speculative that Defendant will take an adverse position on the collectability of those payments.  The Court does not have subject-matter jurisdiction to issue what would amount to an advisory opinion on the application of the parties' contract to hypothetical future events.  Accordingly,

/ / /

/ / /

/ / /

---

is more properly addressed in a Rule 12(b)(1) motion. However, Defendant's technical failure to cite Rule 12(b)(1) is of no moment because the Court has an independent obligation to determine its subject-matter jurisdiction. *Id.*

- 2 -

1 **IT IS ORDERED** that Defendant's motion to dismiss (Doc. 10) is **GRANTED**. This matter is dismissed without prejudice.[2] If Defendant believes it is entitled to fees, it may file an appropriate motion in accordance with LRCiv 54.2.

Dated this 25th day of September, 2020.

_____
Douglas L. Rayes
United States District Judge

---

[2] Defendant argues that the complaint should be dismissed with prejudice, but this order does not preclude Plaintiffs from bringing a similar action in the future if their claim ripens.